```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**MELISSA ANN FLANNERY,**

       **Plaintiff,**

  vs.                                      Civil Action 2:11-CV-1120
                                                  Judge Frost
                                                  Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## OPINION AND ORDER

     This action seeks review of the administrative decision denying plaintiff's application for disability insurance benefits and supplemental security income. On January 28, 2013, the United States Magistrate Judge recommended that the decision of the Commissioner of Social Security be affirmed and that the action be dismissed. *Report and Recommendation*, Doc. No. 17. This matter is now before the Court on plaintiff's objections to that recommendation. *Plaintiff's Objections to Report and Recommendation* ("*Plaintiff's Objections*"), Doc. No. 18. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

     The administrative law judge found that plaintiff's severe impairments consist of mild osteoarthritis of the knees, degenerative disc disease at L5-S1, right shoulder pain, anxiety disorder, depressive disorder, and personality disorder. *PAGEID* 49. The administrative law judge also found that plaintiff's impairments

1

neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> lift and carry 10 pounds occasionally and five pounds frequently. The Claimant can stand or walk a total of two hours during an eight-hour workday. She can sit a total of six hours during an eight-hour workday. The claimant can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to vibration and workplace hazards. She is limited to simple routine repetitive tasks. The claimant cannot raise her non-dominant arm about her shoulder. She is limited to occasional contact with co-workers and the public.

*PAGEID* 51. Although this RFC precluded plaintiff's past relevant work, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is able to perform a significant number of jobs in the national economy. *PAGEID* 56-57. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act. *PAGEID* 58.

In the *Statement of Errors* considered by the Magistrate Judge, plaintiff challenged, *inter alia*, (1) the Commissioner's failure to include bipolar disorder as a severe impairment and (2) the Commissioner's alleged failure to include all of the limitations caused by plaintiff's severe impairments in the RFC and in the hypothetical question posed to the vocational expert. The Magistrate Judge rejected both of plaintiff's arguments.

Specifically, the Magistrate Judge concluded that there was substantial support in the record for the administrative law judge's

failure to include bipolar disorder as a severe impairment because only Heidi Jache, M.D., expressly diagnosed this condition; the consultative examiner and the state agency psychologists did not include bipolar disorder among the conditions documented in the record. *Report and Recommendation*, p. 12. The Magistrate Judge further noted that, in any event, plaintiff did not articulate any additional limitation of function caused by her claimed bipolar disorder. *Id*. at p. 13. The Magistrate Judge also rejected plaintiff's challenge to the administrative law judge's RFC assessment. Plaintiff argued in her *Statement of Errors* that the administrative law judge failed to include all of the limitations noted by Gary Sarver, Ph.D., in her RFC assessment. *Statement of Errors*, Doc. No. 11, p. 5. The Magistrate Judge specifically addressed the limitations proposed by Dr. Sarver and the state agency psychologists and found that the "administrative law judge's finding that plaintiff had the residual functional capacity, from a mental standpoint, to perform simple, routine, repetitive tasks that require only occasional contact with co-workers and the public is consistent with these assessments and enjoys substantial support in the record." *Report and Recommendation*, pp. 13-14.

Plaintiff's objections raise the same arguments presented in her *Statement of Errors* and considered by the Magistrate Judge. In addition, plaintiff argues that the limitation in her RFC to "simple routine repetitive tasks" is "not adequate to convey the moderate limitations in [her] ability to maintain concentration, persistence,

3

and pace." *Plaintiff's Objections*, p. 2.  Plaintiff now attributes these limitations to her claimed bipolar disorder.  Plaintiff does not, however, cite any medical opinion suggesting a limitation in concentration, persistence, or pace and this Court has found none in the record.  *See PAGEID* 349-50 (Dr. Sarver's July 13, 2010 report finding plaintiff's concentration, persistence, and pace to be appropriate), 363 (Dr. Zwissler's July 17, 2010 opinion that plaintiff had no difficulty in maintaining concentration, persistence, or pace). Accordingly, this is not, as plaintiff suggests, a case where the administrative law judge completely omitted from the claimant's RFC a moderate limitation otherwise found by the administrative law judge or failed to adequately portray the claimant's impairments in the hypothetical posed to the vocational expert.  *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516-19 (6th Cir. 2010) (remanding where the administrative law judge completely omitted speed and pace restrictions from the hypothetical to the vocational expert).  There is simply no error in omitting a limitation that was not found by the administrative law judge and which was not supported by the medical evidence.

    The Court has carefully considered plaintiff's objections, as well as the entire record in this action.  For the foregoing reasons and for the reasons articulated in the *Report and Recommendation*, the Court concludes that those objections are without merit.

    *Plaintiff's Objections*, Doc. No. 18, are **OVERRULED**.  The *Report and Recommendation*, Doc. No. 17, is **ADOPTED AND AFFIRMED.**  The

decision of the Commissioner of Social Security is **AFFIRMED**.  This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

                                              /s/   Gregory L. Frost
                                                  Gregory L. Frost
                                         United States District Judge